UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE SECRETARY OF THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, an agency of the UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> -against- <br><br> The Estate of Mary Fleming aka Mary E. Fleming aka Mary Elizabeth Fleming aka Mary Elizabeth Terry Fleming, deceased; Unknown Heirs of the Estate of Mary Fleming aka Mary E. Fleming aka Mary Elizabeth Fleming aka Mary Elizabeth Terry Fleming, deceased; United States of America obo Internal Revenue Service; New York State Department of Taxation and Finance "JOHN DOE #1-5" and "JANE DOE #1-5", said names being fictitious, it being the intention of plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein, *et al.*, <br><br> Defendants. | No. 19-cv-8413 (CM) |

**ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE OF THE COMPLAINT BY PUBLICATION**

McMahon, C.J.:

The Secretary of the Department of Housing and Urban Development of the United States of America ("HUD") brings this action to foreclose on a home equity conversion

1

mortgage, executed by Leroy and Mary Fleming, secured by their property at 1016 East 229th Street, Bronx, NY 10466.

Both mortgagors have passed away: Leroy Fleming on August 12, 2009, and his wife, Mary Fleming, on September 6, 2013. (Dkt. No. 5-1.)

The Complaint lists as defendants the following:

(1) The Estate of Mary Fleming;

(2) "Unknown Heirs" of the Estate of Mary Fleming;

(3) "John Doe" defendants, consisting of anyone occupying the property or who might have a claim on the property;

(4) The IRS and New York State taxing authorities; and

(5) The New York City Environmental Control Board and Parking Violations Bureau.

In order to obtain a marketable title to the property after foreclosure, HUD seeks a judgment that "the defendants, or either or any them, subsequent to the filing of the Notice of Pendency of this action, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all right, claim, lien, interest, or equity of redemption in the mortgaged premises" and that "the mortgaged premises . . . may be decreed to be sold according to law." (Dkt. No. 5, Complaint, ¶ 52.)

By this motion, HUD seeks permission to serve the "Unknown Heirs" of the Estate of Mary Fleming by publication – specifically, by publishing something called a "warning order" in the *New York Daily News,* a paper chosen because of its proximity to the property, once a week for six consecutive weeks.

HUD has neither demonstrated that service by publication is statutorily authorized, nor that its proposal for service by publication would be effective to give the right people notice even if it were authorized, nor convinced this court that Plaintiff should not be required to avail itself

2

of New York State's procedure for locating any missing heirs who might be out there. Accordingly, the motion for leave to serve by publication is DENIED.

**Discussion**

28 U.S.C. § 1655 permits a federal court to issue a "warning order" to "any defendants [who] cannot be served within the State" – referred to as "absent defendant[s]" – in a case involving a claim or lien on property located within the court's district. 28 U.S.C. § 1655. The warning order must be "served on the absent defendants personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property." *Id.* The court may authorize service by publication only if giving actual notice is "not practicable." *Id.*; *see Bache Halsey Stuart Shields Inc. v. Garmaise*, 519 F. Supp. 682, 686 (S.D.N.Y. 1981).

If an absent defendant fails to appear or respond to service, whether made personally or by publication, "the court may proceed as if the absent defendant had been served with process in the State" and enter a default judgment. 28 U.S.C. § 1655.

After issuing a notice of intent to foreclose but prior to commencing this case, HUD has identified some of the individuals who would fall under the rubric of "Unknown Heirs of Mary Fleming." According to HUD's Affirmation of Due Diligence (Dkt. No. 6-2) Ms. Fleming's living heirs[1] are as follows:

Roy Fleming Jr., Ms. Fleming's son who resides at 2930 Thomas Road, Henderson, North Carolina 27537;

Gina Moore, Ms. Fleming's daughter, Ms. Fleming's daughter, who resides at 74 Fox Hollow, Rennselaer, New York 12144;

---

[1] One of Ms. Fleming's sons, Joseph Fleming, Jr., died in 2012. (Dkt. No. 6-2 ¶ 10.

3

Lavon R. Dickson, Ms. Fleming's grandson, who resides at 681 West 193rd Street, Apt. 6B, New York, New York 10040;

Joseph H. Fleming, Ms. Fleming's grandson, who resides at 818 Columbus Drive, Teaneck, New Jersey 07666;

Lateefah Shariene Fleming, Ms. Fleming's granddaughter, who resides at 60 Berkshire Place, Apt. 2, Hackensack, New Jersey 07601; and

Terilyn Fleming, Ms. Fleming's granddaughter, who resides at 141 River Mews Lane, Edgewater, New Jersey 07020.

Obviously these individuals are no longer "Unknown Heirs" of Mary Fleming. They are her known heirs. And indeed, they were Mrs. Fleming's known heirs at the outset of this lawsuit. However, HUD did not name them as defendants when it filed this action, and it has not asked to amend the complaint to name them. Therefore – and since they do not fall under any other class of named defendant in this lawsuit – these six individuals must be "Unknown Heirs." And I must assume that HUD's motion seeks to serve these six individuals by publication.[2]

As to these identified individuals, the motion for service by publication is DENIED.

First of all, two of them – Ms. Moore and Mr. Dickson – live in New York and so can be served with process "within the State." Fed. R. Civ. P. 4(k)(1)(A). They are, therefore, not "absent defendants" and HUD cannot avail itself of publication of §1655 warning order as to them.

---

[2] It is theoretically possible that the motion was not intended to be addressed to Identified Heirs, but it really is impossible to know, since the motion was not accompanied by a memorandum of law, as required by the Local Rules of this Court. S.D.N.Y. Local Civil Rule 7.1(2), and since the caption does not name these known and identified individuals. I must, therefore, assume that they are "Unknown Heirs."

The other four defendants live outside of New York and so cannot be served "within the State," as provided by § 1655 (although the three New Jersey residents live within 100 miles of this District, and but for the express statutory limitation in § 1655, they could be served with process in this action, see. Fed. R. Civ. P. 4(k)(1)(B)). However, HUD has the addresses of these five individuals, which precludes the publication of a § 1655 warning order as to them. The statute is clear: persons who cannot be served with process "within the State" must be given actual notice of the order — not notice by publication -- if that is practicable. Indeed, the statute says that the order "shall be served on the absent defendant personally if practicable, *wherever found.*" (Emphasis added). Because HUD knows the addresses of these five individuals, it is practicable to serve them by sending them a copy of the warning order via the United States Postal Service; they live in New Jersey and North Carolina, not on the moon. Therefore publication as to them is also out of the question.

Finally, as to absent defendants Roy Fleming Jr., service by publication in the *New York Daily News* – a newspaper that does not circulate in North Carolina – is not reasonably calculated to reach him. That is an additional reason why HUD's motion as directed to Mr. Fleming Jr. must be denied. This court has previously authorized service on absent defendants in papers as far-flung as the Times of India, *Krishna v. Colgate Palmolive Co.*, No. 90-cv-4116 (CSH), 1992 WL 176633 (S.D.N.Y. July 14, 1992) – because India is where the absent defendants were located. Where the property is located is of little relevance unless the absent defendants can be found there.

As to all of the above individuals, the statute does not authorize service of a warning order by publication. So what, exactly, is the point of this motion?

HUD insists that there may be other "Unknown Heirs" (really "Unidentified Heirs") out there. HUD's counsel has spoken to just two of the six Identified Heirs (Roy Fleming, Jr. and Terilyn Fleming); he has not been able to talk to all the Known Heirs of Mary Fleming.[3] (Dkt. No. 6-1, Manfredi Decl. ¶¶ 12-13.) HUD would like to "serve" any heretofore unidentified persons who qualify as "Unknown Heirs of the Estate of Mary Fleming" by publishing the warning order in the *New York Daily News* as aforesaid. (Decl. of J. Manfredi, ¶ 14.) If no one presently unknown to HUD comes forward in response to the notice, HUD would presumably move to extinguish the rights of these unknown persons in the property. (*Id.* ¶ 7.)

Obviously, unknown parties cannot be served or sent notice personally. But that does not mean that service by publication is appropriate, either. Neither the statute under which HUD moves nor the relevant state law governing HUD's rights as a mortgagee allows it to effectuate service of this foreclosure action by publication.

The text of the lien-enforcement statute says nothing about service on "unknown" parties. It refers only to "absent defendants," a term defined as defendants (*i.e.*, persons named as parties defendant) who "cannot be served within the State, or [do] not voluntarily appear." 28 U.S.C. § 1655. I have not located any case that authorizes service by §1655 publication on hypothetical parties like the Unidentified Unknown Heirs. At least one district court long ago concluded that a party could not use § 1655 publication to give notice to persons unknown; the court interpreted the lien-enforcement statute here at issue as "rather clearly a procedural one for reaching *known* defendants who cannot be served in the State" and refused to allow the party seeking to quiet

---

[3] The court has not been told why counsel was unable to communicate with the other Known Heirs; counsel has their contact information.

6

title to use it to give notice to unknown parties in unknown locations. *Id.* at 596 (emphasis added). *Sudduth Bros., Inc. v. Kyanite Min. Corp.*, 270 F. Supp. 595, 598 (E.D. Tenn. 1967).[4]

This court has located a number of cases in which notice by publication was authorized, but in each such case the person who was being "served" by publication was identified. For example, in *Krishna v. Colgate Palmolive Co.*, No. 90-cv-4116 (CSH), 1992 WL 176633 (S.D.N.Y. July 14, 1992), my colleague, The Hon. Charles S. Haight, permitted service of a warning notice concerning insurance proceeds on Nand and Krishen Kapur – individuals known to reside in India – by publication in the *Times of India*, a paper available throughout the country where these gentlemen resided. *Id.* at *2. Closer to home, in *Argonaut-Midwest Ins. Co. v. Colt Logistics Inc.*, No. 18-cv-11783, 2018 WL 6716104 (D.N.J. Dec. 20, 2018), a federal court in New Jersey permitted service by certified mail at last known addresses – as well as publication under § 1655 – on two absent defendants, but only after the plaintiff had employed three investigators over a period of four years in an effort to serve them personally. *Id.* at *1. And in *Metropolitan Life Ins. Co. v. Aure*, No. 07-cv-372-J-16MCR, 2008 WL 4459088 (M.D. Fla. Oct. 2, 2008), the Middle District of Florida permitted § 1655 service by publication on a beneficiary of an insurance policy when plaintiff, though aware of the beneficiary's name and last known address, was unable determine her whereabouts or whether she was still alive. *Id.* at *1.

It makes perfect sense that § 1655 would only apply in circumstances where the absent defendant was an individual known to exist. As my colleague in the Eastern District of New York, Magistrate Judge Sanket J. Bulsara, recently observed, § 1655 service by publication must be "reasonably calculated" to reach the individuals to whom notice must be given; and when the

---

[4] In Sudduth, the real issue was whether the presence of unknown heirs defeated diversity, and so rendered the corut without jurisdiction. The answer was yes, it did. See also, Tug River Coal & Salt Co. v. Brigel, 67 F. 625 (Sixth Circuit, 1895). Since the United States is a party here, not knowing where the absent heirs might life presents no jurisdictional impediment. *See* 28 U.S.C. § 1345.

court does not know who or where those individuals are (or, indeed, whether there are any such individuals), it cannot comfortably conclude that § 1655 notice by publication is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Sec'y of U.S. Dep't of Housing & Urban Development v. Estate of Key*, No. 19-CV-3547-DLI-SJB, 2019 WL 3821218, at *2 (E.D.N.Y. Aug. 8, 2019) (citing *Brody v. Village of Port Chester*, 434 F.3d 121, 127 (2d Cir. 2005) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950))).

Moreover, HUD has a perfectly viable alternative – one with which it is familiar. It could pursue what it describes as a "second option" for obtaining marketable title by petitioning the Surrogate's Court of Bronx County. (Manfredi Decl. ¶ 14.)

The property being foreclosed upon is located in New York State. Under New York law governing intestate administration, HUD can pursue its foreclosure rights in the Bronx Surrogate's Court, which has "jurisdiction over all actions and proceedings relating to the affairs of decedents . . . administration of estates and actions and proceedings arising thereunder or pertaining thereto." N.Y. Const. Art. VI, § 12. The New York Court of Appeals described that grant of jurisdiction as "procedurally unlimited" when allowing a Surrogate's Court to settle an eviction dispute occurring on a decedent's property – even after that property had passed to heirs. *Matter of Piccione's Estate*, 456 N.Y.S.2d 669, 674 (1982).

HUD has not pointed to a single case that allowed it to circumvent New York's otherwise applicable foreclosure law by "serving" unidentified individuals by publication of a warning notice under §1655.[5] But as HUD well knows, service by publication on unknown persons without the appointment of an estate representative does not provide those unknown individuals

---

[5] As noted above, HUD has not filed a brief, so it has not cited any cases at all.

8

with notice of a pending foreclosure action under New York law. In *Wells Fargo Bank, NA v. Ramdin*, 89 N.Y.S.3d 883 (N.Y. Sup. Ct. 2018), the Supreme Court of Queens County declined to grant a motion for service by publication on unknown heirs where the plaintiff had failed to petition the Surrogate's Court to appoint an estate administrator. *Id.* at 885. The court held that the plaintiff's motion "to serve the unknown heirs by publication does not, in any way, constitute a proper request for substitution." *Id.*

In Key, Magistrate Judge Bulsara remitted HUD to the procedures available to it under New York law to try to identify unknown heirs so that it could successfully foreclose on a mortgage. *Sec'y of U.S. Dept. of Housing & Urban Development v. Estate of Key*, No. 19-CV-3547-DLI-SJB, 2019 WL 3821218, at *3 (E.D.N.Y. Aug. 8, 2019). I see no reason not to do likewise where, as here, HUD has not demonstrated that service by publication as proposed could conceivably give notice to the necessary parties – because it does not know who, where or even if they are.

New York's procedures are not cumbersome. HUD can ask the Surrogate to appoint a personal representative of Ms. Fleming's estate – perhaps one of the six known heirs – who could act on behalf of all known and unknown heirs to the estate. CPLR § 1015; N.Y. Surr. Ct. Pro. § 1002. Alternatively, HUD could apply to the Public Administrator of the Surrogate's Court for an administration proceeding, before which the Administrator would be required "conduct a search for all living distributees" of Ms. Fleming. N.Y. Surr. Ct. Pro. § 1112.

Accordingly, the motion for service by publication of a warning notice on unknown and unidentified persons – who may or may not exist and who if they do exist may or may not live in the area where the *New York Daily News* regularly circulates – is DENIED, without prejudice to

HUD's renewal of this application at a time when it knows whom it wishes to serve by publication and where that person/those persons can be found.

I. **CONCLUSION**

The Clerk of the Court is directed to mark the motion at Docket Number 6 DENIED and to remove it from the Court's list of pending motions.

This constitutes a "written opinion" and order of the court.

Dated: September 30, 2019

_____
Chief Judge

BY ECF TO ALL COUNSEL